# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### DEL RIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | NO. 2:13-CR-00235 (1) DAE |
| FRANCISCO JAVIER ARRIAGA-MARTINEZ, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL

Before the Court is a Motion to Compel Discovery brought by Defendant Francisco Javier Arriaga-Martinez ("Defendant"). (Doc. # 21.) For the reasons given below, the Court grants in part and denies in part the motion.

## BACKGROUND

On February 27, 2013, a Grand Jury sitting in the Western District of Texas returned a two-count Indictment in the above entitled and numbered case. (Doc. # 10.) The Indictment charged Defendant with conspiracy to import cocaine and importing cocaine under 21 U.S.C. § 952(a), §§ 960(a)(1) & (b)(1), and § 963.

1

The United States provided initial discovery to Defendant on February 14, 2013. (Doc. # 22 at 2.) The Government supplemented this initial discovery on February 27, March 28, and April 19, 2013 when discoverable material came into the Government's possession. (Id.)

On March 13, 2013, this Court issued its General Order Concerning Discovery and Pretrial Motions ("Discovery Order"). (Doc. # 14.) Pursuant to the Discovery Order, Defendant was to file a Motion for Discovery "[w]ithin thirty calendar days from the first date of the Defendant's arraignment." (Id. at 5.) Thus, the deadline for Defendant to file a Motion for Discovery was April 13, 2013. Defendant never filed any such motion.

On May 24, 2013, Defense Counsel sent the Government an email requesting certain discovery items to assist Defense Counsel in preparing for plea agreement negotiations. (Doc. # 22 at 2.) Based on the number and nature of the items requested, the Government asked Defense Counsel to file a discovery request on the record so that the Government could adequately respond. (Id.)

On June 5, 2013, Defendant filed the instant Motion to Compel Discovery. (Doc. # 21.) On June 6, 2013, the Government filed a Response in opposition to the motion. (Doc. # 22.)

<u>DISCUSSION</u>

Defendant seeks to compel discovery of nine categories of evidence. For the reasons given below, the Court grants in part and denies in part Defendant's Motion to Compel Discovery.

I.      <u>Unopposed Categories of Discovery</u>

The Government has indicated that it does not oppose several of Defendant's discovery requests.  The Government does not oppose providing discovery of (1) lab reports, (2) uncharged misconduct, (3) car ownership, title, and car insurance, and (4) newly discovered evidence (insofar as such evidence is consistent with Federal Rules of Criminal Procedure 16 and 26.2, 18 U.S.C. § 3500, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963)[1] (hereinafter "<u>Brady</u>"), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972)[2] (hereinafter "<u>Giglio</u>")).  The Court therefore grants Defendant's motion with respect to these categories of discovery.

---

[1]  In <u>Brady</u>, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  373 U.S. at 87.

[2]  In <u>Giglio</u>, the Supreme Court held that a prosecutor's duty to disclose favorable evidence to the defense extends to evidence that would impeach a government witness.  405 U.S. at 154–55.

II.    <u>Rough Notes and Statements by Government Agents</u>

Defendant seeks the "[r]ough notes and/or statements" made by several government agents that participated in the criminal investigation of this case.  (Doc. # 21 at 2.)  The Government has indicated that it already provided Defendant statements from Customs and Border Patrol Officers Marcus Antley, Felix Aranzadi, and Jose Zemeno on April 19, 2013.  (Doc. # 22 at 3.)  The Government opposes providing discovery of any additional statements, if they exist, at this time.  (<u>Id.</u>)

Federal Rule of Criminal Procedure 16(a)(2) provides that statements of witnesses and potential witnesses for the prosecution are not discoverable under Rule 16 except as provided in the Jencks Act, 18 U.S.C. § 3500.  Fed. R. Crim. P. 16(a)(2).  Under the Jencks Act, "the government must produce any statement in its possession relating to the subject matter of the testimony of a witness who has taken the stand for the government."  <u>United States v. Conroy</u>, 589 F.2d 1258, 1272 (5th Cir. 1979).  However, "[t]he Jencks Act applies only to a written statement 'signed . . .  or approved' by the witness."  <u>United States v. Jimenez</u>, 509 F.3d 682, 694 (5th Cir. 2007) (citing 18 U.S.C. § 3500(b), (e)(1)).  A government agent's notes which do not fit this description are not discoverable.  <u>Id.</u>  Thus, to the extent that the government agents' rough notes in this case do not constitute

4

Jencks Act material or <u>Brady</u> material, the Government need not provide the notes

to Defendant.  See <u>U.S. v. Myers</u>, No. 12–9–JJB, 2013 WL 620909, at *4 (M.D.

La. Feb. 19, 2013).

          Additionally, the Jencks Act provides that no statement or report made

by a government witness may be the subject of discovery until the witness "has

testified on direct examination in the trial of the case."  18 U.S.C. § 3500.  While

the Fifth Circuit encourages the "salutary practice" of tendering the Jencks Act

material prior to a witness testifying, it has held that early disclosure is not required

by the Jencks Act or Rule 26.2.  See <u>United States v. Campagnuolo</u>, 592 F.2d 852,

858 n.3 (5th Cir. 1979).  The Government has indicated that it will comply with its

obligation to produce witness statements under the Jencks Act and Rule 26.2 by

producing any such documents no later than one day prior to trial.  Insofar as

Defendant seeks earlier discovery of these materials, the motion is denied, except

to the extent earlier disclosure is required by Rule 16, <u>Brady</u>, or <u>Giglio</u>.

III.   <u>Informant Identity</u>

          Defendant  requests disclosure of "[i]nformant evidence, if any" and

the name of any informant.  (Doc. # 21 at 2.)

           The Fifth Circuit employs a three-part test to determine the

applicability of the informant's privilege.  See <u>United States v. De Los Santos</u>, 810

5

F.2d 1326, 1331 (5th Cir. 1987).  The court must first consider the level of the informant's participation in the criminal activity.  Id.  The greater the informant's participation, the greater the appropriateness of disclosure.  Id.  Second, the court must determine the extent to which disclosure will assist the defense of the accused.  Id.  Disclosure is not warranted by "[m]ere conjecture or supposition about the possible relevancy of the informant's testimony."  Id. (quoting United States v. Gonzales, 606 F.2d 70, 75 (5th Cir. 1979)).  Third, the court must also evaluate the government's interest in maintaining the informant's anonymity.  See id.  The safety of the informant and the informant's future usefulness to authorities are the principal criteria to be considered by the court under this prong of the test. See id.

It is not clear from the Government's response whether there are informants who will be called as trial witnesses.  Pursuant to De Los Santos, the Court will conduct an in camera review of a government written submission concerning the three-prong test.  No later than Friday, June 14, 2013, the Government must either advise the Court and Defendant in writing that no informant is involved in this case or must disclose ex parte to the Court the identity of any informants and must address the reasons on which it relies for nondisclosure.  Nothing in this procedure excuses the Government from complying

with its normal obligations under <u>Brady</u> and <u>Giglio</u> or from complying with all requirements that apply in the event an informant will be used as a trial witness.

IV.    <u>Unindicted Coconspirators</u>

Defendant also moves for the identification of unindicted coconspirators and their statements.

"A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses." <u>United States v. Barrentine</u>, 591 F.2d 1069, 1077 (5th Cir. 1979); <u>United States v. Hughes</u>, 817 F.2d 268, 272 (5th Cir. 1987).  To the extent that the Government will use unindicted coconspirators as witnesses at trial, the Court orders the Government to provide a list of such witnesses to Defendant.

However, Defendant's motion is denied insofar as he seeks discovery of the statements of unindicted coconspirators at this time.  The Jencks Act and Rule 16(a)(2) do not provide for pretrial discovery of statements made by prospective witnesses, including coconspirators.  <u>See</u> Fed. R. Crim. P. 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [the Jencks Act]"); <u>United States v. Tarantino</u>, 846 F.2d 1384, 1418 (D.C. Cir. 1988) ("[T]he Jencks Act explicitly provides that statements of witnesses, or prospective

witnesses, including co-conspirators, are not discoverable until after the witness testifies."). Moreover, "several courts have held that the fact that a coconspirator's statements are viewed as statements by the defendant under [Fed. R. Evid. 801(d)(2)(E)] does not make them discoverable under Rule 16(a)(1)(A) or (B)." United States v. Hansen, No. 3:04-CR-148-D, 2005 WL 1206868, at *3 (N.D. Tex. May 18, 2005) (citing Tarantino, 846 F.2d at 1418).

   The Government has indicated that it will comply with its obligation to produce witness statements, including coconspirator statements, under the Jencks Act and Rule 26.2 by producing any such documents no later than one day prior to trial. Insofar as Defendant seeks earlier discovery of these materials, the motion is denied, except to the extent earlier disclosure is required by Rule 16, Brady, or Giglio.

V. Audio or Video Evidence of Witness Interviews

   Defendant seeks discovery of audio or video evidence of witness interviews. The Government has indicated that it will comply with its obligation to produce witness statements under the Jencks Act and Rule 26.2 by producing any such statements no later than one day prior to trial. Insofar as Defendant seeks earlier discovery of these materials, the motion is denied, except to the extent earlier disclosure is required by Rule 16, Brady, or Giglio.

VI.   <u>Evidence of Defendant's Border Crossing History</u>

Defendant also seeks to compel production of evidence of his history of crossing the border.  Defendant cites no authority and makes no legal argument in support of this request.  The Government contends that Defendant himself would know the number of times that he has or has not entered the United States legally or illegally.  However, if there exists a border crossing report that the Government intends to use in its case-in-chief, there is case law in the Fifth Circuit indicating that the Government has an obligation to produce such a report under Rule 16(a)(1)(E).  <u>See</u> <u>United States v. Pena</u>, 333 F. App'x 820, 821 (5th Cir. 2009) (failure to timely disclose a border crossing report used by the government at trial violated Fed. R. Crim. P. 16(a)(1)(E)).  Thus, to the extent that a border crossing report exists and the Government plans to use such a document at trial, the Court orders the Government to provide it to Defendant.

CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Compel Discovery.  (Doc. # 21.)

IT IS SO ORDERED.

DATED: San Antonio, Texas, June 10, 2013.

9

_____
David Alan Ezra
Senior United States District Judge